IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

HECTOR MARTINEZ,                )
                                )
            Plaintiff,          )
                                )
v.                              )          Case No. CIV-11-830-F
                                )
UNITED STATES OF AMERICA,       )
                                )
            Defendant.          )

## REPORT AND RECOMMENDATION

The Defendant has moved for dismissal based on a failure to effect timely service, failure to prosecute the action, and failure to state a valid claim. The motion to dismiss should be granted on the Plaintiff's *Bivens* claim. In all other respects, the motion should be denied.

### Confession of the Motion to Dismiss

Local Civil Rule 7.1(g) allows the Court to treat a motion as "confessed" when the adversary fails to respond within 21 days. Mr. Martinez has not responded, despite the passage of 31 days, and the United States urges application of the local rule to treat the motion as confessed. This argument should be rejected, as the Tenth Circuit Court of Appeals has stated: "[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) (citations omitted).

<u>Timely Service</u>

The plaintiff must serve the defendant with a summons and a copy of the complaint.[1]

Generally, service is required within 120 days of the filing of the complaint.[2]  That period

expired on October 11, 2011.

Service on the government required delivery of the summons and complaint to the

United States Attorney and the Attorney General of the United States.[3]  The United States

Attorney was served.[4]  But the Attorney General was not.

Notwithstanding the Plaintiff's apparent failure to effect service, the Court must

provide a reasonable extension of time to cure the service defect.[5]  Indeed, even in the

absence of the mandatory extension, additional time would have been merited because the

failure to effect service was attributable to an error on the part of the marshals service.

The Court appointed the marshals service to deliver the summons and complaint on

the United States.[6]  The unexecuted return bears the name and address of the Attorney

---

[1]      *See* Fed. R. Civ. P. 4(c)(1); *see also DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that even though the plaintiff was *pro se*, he was "obligated to follow the requirements of Fed.R.Civ.P. 4" (citation omitted)).

[2]      *See* Fed. R. Civ. P. 4(m).

[3]      *See* Fed. R. Civ. P. 4(i).

[4]      *See* Process Receipt and Return (Jan. 27, 2012).

[5]      *See* Fed. R. Civ. P. 4(i)(4)(A).

[6]      Order at p. 2 ¶ 6 (Aug. 19, 2011); *see* General Order, G.O. 08-2, *In re Service of Summons in Pro Se Cases* (Oct. 3, 2008) (ordering the U.S. Marshal to effect service for any *pro se* plaintiff authorized to appear *in forma pauperis*); *see also* Fed. R. Civ. P. 4(c)(3) (requiring appointment of the marshals to serve process when the plaintiff is authorized to proceed *in forma pauperis*).

General in the section, "Special Instructions or Other Information that Will Assist in Expediting Service."[7]  But there is no indication of an effort by the marshals service to mail the summons or complaint to the Attorney General.

As noted by the Defendant, the Plaintiff has arguably failed to share his current mailing address with the marshals.  As a result, the marshals have allegedly been unable to send the unexecuted return to Mr. Martinez.  However, even if Mr. Martinez had learned of the error by the marshals, he would have been unable to mail the summons to the Attorney General because parties are not allowed to effect service.[8]  Thus, Mr. Martinez would still have been unable to cure the error made by the marshals.

In these circumstances, the Court should deny the argument for dismissal based on a failure to effect timely service.  Instead, the Court should: (1) grant Mr. Martinez one month (from the district judge's order) to effect service, (2) order the Clerk to issue an alias summons, and (3) order the marshals service to send the summons, complaint, and transfer order to the Attorney General of the United States via registered or certified mail.[9]

---

[7]     Process Receipt and Return (Jan. 27, 2012); Process Receipt and Return (Feb. 7, 2012).

[8]     *See* Fed. R. Civ. P. 4(c)(2); *see also Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail."), *cert. denied*, __ U.S. __, 131 S. Ct. 2884 (2011).

[9]     *See* Fed. R. Civ. P. 4(i)(B).

Failure to Prosecute the Action

The Defendant also urges dismissal for failure to prosecute the action.  Mr. Martinez has been deported and apparently failed to provide his new physical address in his country of citizenship.  However, the Court does not know whether Mr. Martinez continues to obtain mail at the last address disclosed: 483 Falcon Shore Drive; Zapata, Texas 78076.[10]  Until the marshals serve the Attorney General, Mr. Martinez cannot pursue discovery or pretrial preparation.  As a result, Mr. Martinez could not have advanced the litigation even if he had been more attentive to the case.  In these circumstances, the Court should decline to order dismissal for failure to prosecute the action.

The Defendant points out that the Plaintiff has failed to respond to the motion to dismiss.  The government points to this inaction as further evidence of Mr. Martinez's failure to prosecute the action.  But as a deported, *pro se* former inmate, Mr. Martinez's lack of a response may be attributable to his lack of legal training rather than a lack of diligence.  In

---

[10]     Defense counsel stated that he had sent two documents to the Zapata, Texas address and that one item was returned unclaimed and the other signed by someone named "Gricelda."  Defendant's Notice to the Court (Apr. 16, 2012).  In addition, the attorney states that Mr. Martinez had failed to respond to electronic mail.  *Id.*  But the e-mail said that defense counsel would continue to send documents to the Zapata, Texas address and that Mr. Martinez should disclose any different address or telephone number.  *Id.*

These representations do not show that Mr. Martinez has stopped receiving mail at the address in Zapata, Texas.  Certified mail may be unclaimed even when the address is correct, and the Court has no reason to doubt authority by "Gricelda" to receive mail for Mr. Martinez.

The lack of a response to defense counsel's e-mail is unremarkable.  Indeed, under the letter, Mr. Martinez would have had no reason to respond if he was continuing to receive mail at the Zapata, Texas address.

any event, the failure to respond to a single motion does not justify dismissal for failure to prosecute the action.

Failure to State a Valid Claim

The government also urges dismissal for failure to state a valid claim pertaining to the Plaintiff's theories arising under *Bivens* and relating to the assault at the Houston prison. The former claim is invalid, but the latter one is not.

The United States cannot incur liability under *Bivens*.[11]  Thus, the *Bivens* cause of action should be dismissed for failure to state a valid claim.

The Plaintiff also sued the United States under the Federal Tort Claims Act. One such theory grew out of an assault by gang members at a federal prison in Houston. According to the government, the intentional aspect of the assault triggers a statutory exception for intentional torts.  *See* 28 U.S.C. § 2860(h) (2006).  But the intentional conduct was committed by the gang members — not the government. The claim against the government is based on its negligence in failing to protect the Plaintiff or to segregate members of the Paisa and Surenos gangs. The negligence claim against the government is not based on its intentional conduct. Thus, the statutory exception for intentional torts is inapplicable.[12]

---

[11]     *See Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997) ("The United States and its agencies are not subject to suit under *Bivens*." (citations omitted)).

[12]     *See Franklin v. United States*, 992 F.2d 1492, 1496 (10th Cir. 1993) (stating that the intentional tort exception does not apply to a cause of action based on negligence).

<u>Recommended Ruling</u>

The Court should deny the motion to dismiss.  In addition, however, the Court should:

- grant Mr. Martinez one month (from the district judge's order) to effect service,

- order the Clerk to issue alias summons, and

- order the marshals service to send the summons, complaint, and transfer order to the Attorney General of the United States via registered or certified mail.

<u>Notice of the Right to Object</u>

The parties can object to the present report and recommendation.  Any such objection must be filed with the Clerk of this Court by May 14, 2012.[13]  The failure to timely object would foreclose appellate review of the suggested ruling.[14]

<u>Status of the Referral</u>

The referral is not discharged.

Entered this 26th day of April, 2012.

<u>Robert E. Bacharach</u>
Robert E. Bacharach
United States Magistrate Judge

---

[13]     *See* 28 U.S.C. 636(b)(1) (2011 supp.); Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2).

[14]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").