IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

HECTOR MARTINEZ,                      )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )   Case No. CIV-11-830-F
                                      )
UNITED STATES OF AMERICA,             )
                                      )
        Defendant.                    )

## Report and Recommendation:
## FTCA Claim Relating to Negligence in Medical Care

While housed at a federal prison in El Reno, Oklahoma, Mr. Hector Martinez obtained medical treatment. Dissatisfied, he sues the federal government for negligence; and the government moves for dismissal based on a lack of subject-matter jurisdiction and failure to state a claim on which relief can be granted. The motion to dismiss should be denied.

The Defendant's arguments are based on Okla. Stat. tit. 12 § 19, which requires a party alleging professional negligence to attach an affidavit reflecting validation of the claim by an expert. Mr. Martinez did not submit the affidavit, and judges in this Court disagree on

the applicability of the state law in a federal suit.[1] But the Court need not address that issue because even if the state law applied, Mr. Martinez would be protected by an exemption.

That exemption covers plaintiffs who are indigent – and Mr. Martinez is indigent. When he filed suit, he was in prison with total assets of $5.26.[2] Even in the preceding six months, his average monthly deposits totaled only $62.93.[3] Thus, the Court held that Mr. Martinez was too poor to pay the filing fee – even though it was only $350.[4] And the price of a physician's file review, examination, and affidavit would be far more than $350.

The Defendant states that one document showed deposits totaling $725.00.[5] But over 70% of these deposits were made in 2009[6] and by the end of that year, he had no money left.[7]

---

[1] *Compare Spottedcorn v. Advanced Correctional Healthcare, Inc.*, No. CIV-11-1096-C, 2011 WL 6100653, at *1 (W.D. Okla. Dec. 7, 2011) (Cauthron, J.) (unpublished op.) (holding that Okla. Stat. tit. 12 § 19 does not apply in a federal suit because it is inconsistent with Fed. R. Civ. P. 8), *with Crouch v. Harper County Community Hospital*, No. CIV-11-421-F, slip op. at 5-6 (W.D. Okla. June 13, 2011) (Friot, J.) (unpublished op.) (stating that Okla. Stat. tit. 12 § 19 does apply in a federal suit because it is consistent with Fed. R. Civ. P. 8), *and Howell v. United States*, No. CIV-12-831-R, slip op. at 4-5 (W.D. Okla. Oct. 3, 2012) (Russell, J.) (unpublished op.) ("There is no question but that Oklahoma's statutory requirement for the filing of an affidavit of merit with the initial pleading in a professional negligence case applies to an FTCA professional negligence claim." (citations omitted)).

[2] Appl. 3-4, ECF No. 1-3.

[3] Appl. 3-4, ECF No. 1-3.

[4] Order, ECF No. 4, *see* 28 U.S.C. § 914(a) (2006).

[5] Def.'s Resp. 4, ECF No. 110.

[6] *See* Def.'s Resp., Exh. 1, ECF No. 110.

[7] *See* Def.'s Resp., Exh. 1, ECF No. 110.

The other deposits began in July 2012, over a year after the suit was filed[8] — long after the affidavit would have been due.[9] But Mr. Martinez remained destitute even with these deposits, as they still left him with only $9.68 in his account.[10]

Without assets, a job, or freedom, Mr. Martinez lacks any realistic way to compensate an expert witness for the required work. As a result, Mr. Martinez is protected by the statutory exemption for plaintiffs who are indigent and the failure to file the affidavit would have proved immaterial even if the state law otherwise applied in federal court. In these circumstances, I recommend denial of the motion to dismiss (Doc. 61).

The parties can object to this report. To object, the party must file an objection with the Clerk of this Court by February 8, 2013.[11] The failure to timely object would foreclose appellate review of the suggested ruling.[12]

The referral is not discharged.

Entered this 22nd day of January, 2013.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[8] *See* Def.'s Resp., Exh. 1, ECF No. 110.

[9] *See* Okla. Stat. tit. 12 § 19(A)-(B) (2011).

[10] *See* Def.'s Resp., Exh. 1, ECF No. 110.

[11] *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (West 2011 supp.).

[12] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).