IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

HECTOR MARTINEZ,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )          Case No. CIV-11-830-F
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Defendant.              )

**Report and Recommendation:**
**FTCA Claim Relating to a Prison Assault**

      While housed at a federal prison, Mr. Hector Martinez was allegedly beaten by other prisoners.  He has sued the federal government, and the government moves for dismissal of the FTCA claim relating to the assault on grounds that it was filed too late.  The motion to dismiss should be denied.

      The parties agree that a claimant has six months to begin an action after a final administrative decision on the claim,[1] and the Defendant does not question the filing of an action in the Court of Claims within the six-month period.  Although the Court of Claims transferred the action to the Western District of Oklahoma, the transfer took place more than six months after the Bureau of Prisons' final decision on Mr. Martinez's administrative claim.

---

[1]    *See* 28 U.S.C. § 2401(b) (2006).

Though the parties agree on most of the relevant facts, they disagree on when the present action began.  If the action began with the filing in the Court of Claims, the action would be timely; if the action began with the transfer order, the action would arguably be time-barred.

The action began when Mr. Martinez filed in the Court of Claims, for the court transferred the suit under 28 U.S.C. § 1631 and this section provides that the filing date for the action is the day that the complaint was filed in the original court.[2]

The Defendant contends that the district court should decline to apply Section 1631 and that the Court of Claims ordered dismissal rather than transfer.  These contentions are unconvincing.

The Defendant's characterization of the Court of Claims order is based on the second line:  "We grant Mr. Martinez's motion to proceed *in forma pauperis*, for the sole purpose of dismissing plaintiff's Complaint for lack of jurisdiction to hear claims sounding in tort."[3] This language leads the Defendant to infer that the complaint was dismissed.  Regardless of the language used, however, the Court of Claims obviously did not dismiss the action. Otherwise, the court would have had nothing to transfer to the Western District of Oklahoma.

---

[2]     *See* 28 U.S.C. § 1631 (2006) (stating that when an action is transferred, "the action . . . shall proceed as if it had been filed in [the transferee court] on the date upon which it was actually filed in [the transferor court]"); *see also Hakhinyan v. Holder*, 343 F. App'x 367, 370 (10th Cir. 2009) (stating that under 28 U.S.C. § 1631, "even a misfiled petition will carry with it, to the proper court upon transfer, the filing date upon which it was actually filed, albeit in the wrong court" (citing 28 U.S.C. § 1631)).

[3]     *Martinez v. United States*, No. 11-382C, slip op. at 1 (Fed. Cl. July 15, 2011).

Once the Court of Claims transferred the action, the transferee court has no choice: It must apply 28 U.S.C. § 1631 to determine when the action began.[4]  That section requires the Court to treat the filing in the original court as the date that the action began.

The Defendant argues that the district court should decline to use Section 1631 as a basis for jurisdiction.  This argument is too late and is directed to the wrong court, for the Court of Claims has already transferred the action based on Section 1631.[5]  Now that the action is here, the Court must apply the existing law to decide whether the action is timely.  That law includes Section 1631, which requires the transferee court to consider the action as if it had been brought here in the first place.  If the Court does so, it would need to consider the action as having begun when the complaint was filed in the Court of Claims: June 13, 2011.

Because Mr. Martinez began the action on June 13, 2011, he met the six-month period of limitations and the action is timely.  In these circumstances, the Court should deny the motion to dismiss on the FTCA claim involving the assault (Doc. 58).

---

[4]     *See Ross v. Colorado Outward Bound School, Inc.*, 822 F.2d 1524, 1527 (10th Cir. 1987) (stating that when an action is transferred, "courts now know what law to apply" because 28 U.S.C. § 1631 requires use of the filing date in the original court).

[5]     *Martinez v. United States*, No. 11-382C, slip op. at 2-3 (Fed. Cl. July 15, 2011).

3

The parties can object to this report.  To object, the party must file an objection with the Clerk of this Court by February 8, 2013.[6]  The failure to timely object would foreclose appellate review of the suggested ruling.[7]

The referral is not discharged.

Entered this 22nd day of January, 2013.

Robert E. Bacharach
United States Magistrate Judge

---

[6]    *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (West 2011 supp.).

[7]    *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

4