UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HECTOR MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-830-F |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

Plaintiff Hector Martinez, appearing pro se, asserts two negligence claims against Defendant United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680 ("FTCA"). First, Plaintiff contends that Defendant negligently failed to protect him from an assault by gang members while he was housed at a federal prison in Houston, Texas. *See* Complaint, Doc. No. 1-5; Order, Doc. No. 128 (identifying remaining claims). Second, Plaintiff contends that, when he was moved to a federal prison in Oklahoma, Defendant negligently provided him substandard medical care for injuries he attributes to the Houston assault. *Id.*[1] United States District Judge Stephen P. Friot has referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3).

---

[1] The Court previously dismissed a claim asserted by Plaintiff under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Order, Doc. No. 38.

1

Defendant moves that the Court grant summary judgment in its favor on Plaintiff's two remaining claims. *See* Def.'s Mot. for Summ. J. (Doc. No. 135) ("Defendant's Motion for Summary Judgment" or "Defendant's Motion"). Upon careful review of the pleadings, the parties' briefs, and the evidentiary material submitted therein, the undersigned recommends that Defendant's Motion be DENIED as to Plaintiff's claim for negligent protection from assault, and GRANTED as to Plaintiff's claim for medical negligence. In connection with that recommendation, the undersigned makes additional recommendations, set forth below, regarding Plaintiff's first "Motion for Relief" pursuant to Federal Rule of Civil Procedure 60(b) (Doc. No. 180) and Plaintiff's second "Motion for Relief" pursuant to Rule 60(b) (Doc. No. 181).

## STANDARD OF REVIEW

Summary judgment is a means of testing in advance of trial whether the evidence that will be available at trial would permit a reasonable jury to find in favor of the party asserting a claim. Summary judgment should be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant has satisfied this burden, the Court "tak[es] the facts and the reasonable inferences to be drawn from them in the light most favorable to the nonmoving party." *Justice v. Crown Cork & Seal Co.*, 527 F.3d 1080, 1085 (10th Cir. 2008) (internal quotation marks omitted).

A defendant moving for summary judgment may meet its initial burden by: (1) citing evidentiary material that represents the testimony and exhibits that would be

admitted at trial, including "depositions, documents, electronically stored information, affidavits or declarations, or [discovery responses];" and (2) establishing that when the law is applied to the undisputed facts gleaned from that evidentiary material, the plaintiff is unable to prove an essential element of a claim. *See* Fed. R. Civ. P. 56(c)(1)(A)-(B); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Alternatively, the defendant may meet its initial burden by showing that the plaintiff is unable to produce testimony and exhibits admissible at trial as would be required to support a disputed fact that is material to an essential element of a claim. *See* Fed. R. Civ. P. 56(c)(1)(B); *Celotex Corp.*, 477 U.S. at 322-23.

If the defendant carries this initial burden, the burden shifts to the plaintiff to show, through the same type of Rule 56 evidentiary material, that there is sufficient evidence admissible at trial to support the element in question and to allow a reasonable jury to find in the plaintiff's favor. Fed. R. Civ. P. 56(c)(1); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). In other words, to defeat summary judgment, the plaintiff need not convince the Court that it will prevail at trial, but that there is a genuine factual dispute regarding the element or elements the defendant contends are unsupported. *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

ANALYSIS

I. **Discovery-Related Matters**

Coloring the question of summary judgment in this case are two related but distinct developments: Plaintiff's refusal to respond to Defendant's discovery requests,

and Plaintiff's decision not to serve discovery requests upon Defendant until well after Defendant's summary judgment motion was fully briefed.

The relevant procedural history is summarized as follows. After denying Defendant's motion to dismiss as to Plaintiff's two remaining claims, the Court set a deadline for summary judgment motions of May 1, 2013. *See* Order, Doc. No. 128; Order, Doc. No. 129. Defendant promptly served interrogatories, requests for production of documents, and requests for admission on Plaintiff. *See* Def.'s Mot. for Summ. J., Exhibit 1, Doc. No. 135-1. Plaintiff objected to these discovery requests, asserting he was exempt from answering them. *See* Pl.'s Resp. Objecting to Def.'s First Set of Disc. Reqs., Doc. No. 133. Defendant has not moved that Plaintiff be compelled to respond to its discovery requests.

Defendant filed its Motion for Summary Judgment on April 29, 2013. *See* Doc. No. 135. Plaintiff filed a Response and Defendant filed a Reply. *See* Pl.'s Resp., Doc. No. 145; Def.'s Reply, Doc. No. 148. Although Defendant's Motion was at that point fully briefed, Plaintiff in the course of the briefing and in other filings thereafter requested permission to submit additional evidentiary material in support of his claims, including an affidavit, documents in his possession, and information he hoped to receive through discovery to be served on Defendant. *See* Pl.'s Resp. at 20; Pl.'s Mot. for Leave to File Surreply, Doc. No. 153; Pl.'s Mot. to Stay Summ. J., Doc. No. 160.[2]

---

[2] Plaintiff has also stated that he is awaiting a response to a Freedom of Information Act request, but provided no credible support to conclude that the request was actually sent.

On September 13, 2013, the Court granted Plaintiff permission to file a supplemental summary judgment brief and thereby submit additional evidentiary material, but denied Plaintiff's request that summary judgment be stayed while Plaintiff issued discovery requests not previously made. *See* Order, Doc. No. 162 (noting that Plaintiff had not to that date served discovery requests on Defendant). Defendant was also permitted to file a supplemental brief to address any new argument or evidentiary material presented by Plaintiff. *Id.* Plaintiff filed his supplemental brief on September 30, 2013, and Defendant filed its supplemental brief on October 21, 2013. *See* Doc. Nos. 163, 167.

At that point, the matter was again fully briefed and ready for decision. Nevertheless, on October 29, 2013, Plaintiff served his first discovery requests on Defendant. *See* Doc. No. 170-1. On November 22, 2013, Defendant moved for a protective order to temporarily stay discovery while Defendant's summary judgment motion was pending. *See* Doc. No. 169.

As stated, these events present two distinct issues. In Defendant's Motion for Summary Judgment, Defendant asks that the Court deem discovery requests not responded to by Plaintiff as <u>admitted</u> by Plaintiff—thus establishing the facts at issue in favor of Defendant. *See* Def.'s Mot. at 3-8 (Fact Nos. 8, 9, 11, 12, 18, 19, 21, 22, 26, 31, 33, 34, and 37). While such remedy may be available in qualifying circumstances even

in the absence of an order compelling discovery, *see* Fed. R. Civ. P. 37(d), the undersigned does not recommend that it be imposed in this case.[3]

However, the effect of Plaintiff's late issuance of discovery requests is another matter. A litigant, even if pro se, is alone responsible for gathering the evidence needed to support a claim or defense. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (pro se litigants must adhere to applicable procedural rules); *see also* Fed. R. Civ. P. 26-37. Plaintiff has not shown that he was in any way prevented from conducting discovery and gathering evidence, or that facts are otherwise <u>unavailable</u> to him as required to invoke Federal Rule of Civil Procedure 56(d). In fact, Plaintiff was given additional time and opportunity to submit evidentiary material in support of his claim. Because Plaintiff has not shown specific reasons that would support application of Rule 56(d), the undersigned will consider Defendant's Motion on the basis of the argument and evidentiary material before the Court.[4]

---

[3] Among other things, Defendant contends that because Plaintiff's objection to Defendant's discovery requests did not contain a specific answer or objection to the requests for admission set forth therein, the matters in those requests for admission should be deemed admitted under Federal Rule of Civil Procedure 36(a)(3). The objection filed by Plaintiff was sufficient to prevent operation of that provision. *See* Pl.'s Resp. Objecting to Def.'s First Set of Disc. Reqs.; Fed. R. Civ. P. 36(a)(3), (a)(5). At that point, the remedy available to Defendant was to move for a determination of the sufficiency of Plaintiff's objection—which if granted would result in an order that an answer be made, <u>not</u> that the matter be deemed admitted. *See* Fed. R. Civ. P. 36(a)(6).

[4] For the same reasons stated herein, the undersigned recommends that Plaintiff's first "Motion for Relief" pursuant to Federal Rule of Civil Procedure 60(b) (Doc. No. 180) and second "Motion for Relief" pursuant to Rule 60(b) (Doc. No. 181) be denied to the extent they request further discovery prior to consideration of Defendant's Motion for Summary Judgment (Doc. No. 135). The other relief requested in those motions appears to fall within the province of the district judge.

## II. Summary of Undisputed Material Facts as Shown by Evidentiary Material Presented by Parties

There is no dispute as to the following facts. On April 16, 2009, shortly after his intake to a federal detention center in Houston, Texas ("FDC Houston"), Plaintiff was assaulted. Def.'s Mot. for Summ. J., Doc. No. 135, at ¶¶ 10, 13; Special Report, Doc. No. 25, at 3;[5] Pl.'s Decl. in Opp. to Def.'s Mot. for Summ. J., Doc. No. 163, at ¶¶ 4-5. Multiple prisoners committed the assault. Def.'s Mot. for Summ. J. at ¶ 13; Special Report at 3; Pl.'s Decl. in Opp. to Def.'s Mot. for Summ. J. at ¶ 5. After the assault, Plaintiff was "face down on the floor with blood from a head injury" and had suffered "multiple contusions with swelling and a laceration in the back of his head [and on his] lip." Special Report, Doc. No. 25, at 3; Pl.'s Decl. in Opp. to Def.'s Mot. for Summ. J., Doc. No. 163, at ¶ 7.[6]

Plaintiff was taken to a local hospital for evaluation and treatment. Def.'s Mot. for Summ. J. at ¶ 13; Special Report at 3; Pl.'s Decl. in Opp. to Def.'s Mot. for Summ. J. at ¶ 7. CT scans were performed, which "revealed no residual sub-arachnoid hemorrhaging." Special Report at 3. Plaintiff was discharged from the hospital with a prescription for pain medication. *Id.*

On June 10, 2009, Plaintiff was transferred to a federal correctional institution in El Reno, Oklahoma ("FCI El Reno"). *Id.* On January 5, 2010, Plaintiff reported to

---

[5] This report, prepared by the Federal Bureau of Prisons ("BOP") pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), was submitted in response to an order from this Court (Doc. No. 6).

[6] Plaintiff's description of his injuries adds to this list, as detailed below.

medical staff at FCI El Reno that he had a headache, blurred and double vision, and ringing in his left ear. *Id.*; Pl.'s Decl. in Opp. to Def.'s Mot. for Summ. J. at ¶ 10. Plaintiff attributed these symptoms to the April 16, 2009 assault. Special Report, Doc. No. 25, at 3.

Additional facts raised in the parties' arguments and presentation of evidentiary material are discussed below.

### III. Whether Summary Judgment Should be Granted in Favor of Defendant on Plaintiff's Claim of Negligent Protection from Assault

"Under the FTCA, the United States is liable for its tortious conduct in the same manner and to the same extent as a private individual under like circumstances in that jurisdiction would be liable." *Haceesa v. United States*, 309 F.3d 722, 725 (10th Cir. 2002); 28 U.S.C. §§ 2674, 1346(b)(1). The FTCA allows federal prisoners to sue the United States for injuries suffered as a result of the negligence of government employees, including the negligent failure to protect a prisoner from assault by other prisoners. *United States v. Muniz*, 374 U.S. 150, 153 (1963).

The governing substantive law for a claim brought pursuant to the FTCA is that of the state where the alleged negligent act or omission occurred. *Miller v. United States*, 463 F.3d 1122, 1123 (10th Cir. 2006) (citing 28 U.S.C. § 1346(b)(1)). Here, the parties do not dispute that the alleged acts and omissions that serve as the basis for Plaintiff's negligent protection claim occurred, if at all, in Texas. Therefore, Texas substantive law governs. To prevail on a negligence claim under Texas common law, a plaintiff must prove: (a) a legal duty, (b) a breach of that duty by the defendant, and (c) damages

proximately caused by the breach. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).

Defendant does not dispute that it owed Plaintiff a legal duty to exercise ordinary care to protect him from foreseeable harm. However, Defendant asserts that summary judgment is required because Plaintiff is unable to present evidence that the assault upon Plaintiff was reasonably foreseeable by Defendant <u>or</u> that Plaintiff suffered damages.

Notwithstanding the general applicability of state substantive law to an FTCA claim, it is federal law that establishes whether and to what extent there is a duty of care owed by prison officials. *Muniz*, 374 U.S. at 164 (holding 18 U.S.C. § 4042 establishes applicable duty of care in negligence claim by federal prisoner, notwithstanding any inconsistent state statute). Under § 4042, the Federal Bureau of Prisons ("BOP") has a duty to "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(2). Courts construe this duty as requiring reasonable care or ordinary diligence to keep prisoners safe and free from harm. *See Buchanan v. United States*, 915 F.2d 969, 971 (5th Cir. 1990). The duty established by § 4042 is not absolute and, specifically, is only breached if prison officials fail to protect a prisoner from known or reasonably foreseeable dangers. *See Flechsig v. United States*, 786 F. Supp. 646, 650 (E.D. Ky. 1991); *Turner v. Miller*, 679 F. Supp. 441, 443 (M.D. Pa. 1987).[7]

---

[7] Foreseeability is also required under Texas law. *See Salazar v. Collins*, 255 S.W.3d 191, 203 (Tex. App. 2008) (holding state prison officials "owe a duty of reasonable care to protect inmates from harm when that harm is reasonably foreseeable"). Of note, some

Defendant argues that Plaintiff can present no evidence that would reasonably suggest that Defendant knew or should have known of the likelihood of an assault. To refute this assertion, Plaintiff submits a sworn Declaration representing the testimony he would give at trial if permitted. Pl.'s Decl. in Opp. to Def.'s Mot. for Summ. J. He has also attached to that Declaration a separate Affidavit providing additional information he would testify to at trial. *Id.*, Exhibit 3, Doc. No. 163-3 ("Pl.'s Aff.").[8]

Plaintiff states that the assault was committed by two gang groups—the "Paisas" and "Surenos." Pl.'s Aff. at ¶ 3. He states that he had been "on separation status" from these two gangs since a prior assault in 2004. Pl.'s Decl. in Opp. to Def.'s Mot. for Summ. J. at ¶¶ 4, 9; Pl.'s Aff. at ¶¶ 3, 14. Plaintiff states that, during the intake process at FDC Houston, he told a security officer that he had been assaulted in the past by members of the Paisas and Surenos gangs. Pl.'s Aff. at ¶ 3. He states that during the same process he was interviewed by a counselor and also told her of the prior assault. *Id.* at ¶ 5. Plaintiff states that both the security officer and counselor told him he would be placed in a safe area. *Id.* at ¶¶ 3, 5.

---

jurisdictions and judges describe foreseeability as limiting what legal duty <u>exists</u> (e.g., there is no duty to protect from unforeseeable danger), while others describe foreseeability as limiting what conduct constitutes <u>breach</u> of a duty (e.g., failing to protect from unforeseeable danger is not a breach). The difference in formulation is interesting here because of the distinction between federal and state law, but otherwise is wholly academic. By defining the duty of care, § 4042 also defines the conduct which constitutes a breach of that duty.

[8] The version of the Affidavit attached to the Declaration is not signed; however, a prior, identical Affidavit was signed. *See* Pl.'s Mot. to Stay Summ. J., Exhibit 1, Doc. No. 160-1. Taken altogether, the undersigned accepts the Affidavit as properly considered for purposes of Rule 56(c).

Plaintiff states that he was placed in a population of prisoners that included members of the Paisas and Surenos gangs. *Id.* at ¶¶ 6, 7. He states that shortly after being taken to his assigned cell, he was beaten by three Surenos gang members and then by multiple Surenos and Paisas gang members, who punched him, kicked him, and hit him on the head with a hard object. *Id.* at ¶¶ 7-8. Plaintiff estimates the assault lasted three minutes. *Id.* at ¶ 8. He states that he was subsequently told by an unnamed "captain" of security for FDC Houston that approximately 30 prisoners participated in the assault and the hard object was a "fiberglass cup filled with soap for weight." Pl.'s Aff. at ¶¶ 8, 12.

Plaintiff further states that the security captain for FDC Houston told him that prison records for Plaintiff specify that he was to be kept separate from members of the Paisas and Surenos gangs. *Id.* at ¶ 12. Plaintiff also states that when he was transferred to FCI El Reno, he was told by prison personnel at the Oklahoma transfer center that his records had stated since 2004 that he was to be kept separate from certain persons, identified by Plaintiff only as "separatees." *Id.* at ¶¶ 13-14.

Finally, Plaintiff states that in the assault he suffered "cuts to [his] head, a broken nose, bruises to [his] face and body [and] swelling and blood on [his] brain." *See id.* at ¶ 10. He states he currently cannot participate in exercise and sport activities that he previously enjoyed. *Id.* at ¶ 23. Plaintiff states that he experiences "constant and terrible neck, back pain"; "frequent and terrible headaches"; "dizzy spells"; "constant ringing in the ear"; and "blurred and double vision." Pl.'s Decl. in Opp. to Def.'s Mot. for Summ.

J. at ¶ 11; Pl.'s Aff. at ¶ 23. He further states that he suffers from anxiety and mental anguish that he will be assaulted again. Pl.'s Aff. at ¶ 20.

The evidentiary material submitted by Plaintiff – in particular, his affidavit testimony that he warned prison officials at FDC Houston of physical danger if he were not kept separate from members of two specific gangs – is sufficient to create a genuine factual dispute as to whether the April 16, 2009 assault was foreseeable by prison officials at FDC Houston such that they breached their duty to protect Plaintiff from that assault.[9] Further, the evidentiary material submitted by Plaintiff is sufficient to create a genuine dispute regarding at least the basic existence of damages proximately caused by the failure to protect Plaintiff from the April 16, 2009 assault. The undersigned recommends that Defendant's Motion for Summary Judgment be denied with respect to Plaintiff's claim for negligent protection from assault.[10] That said, in light of Plaintiff's

---

[9] In addition to identifying an alleged absence of evidence, Defendant affirmatively cites the sworn declaration of An Tran, a BOP attorney, that BOP records indicate: "During intake and screening conducted [at FDC Houston] Plaintiff denied any gang membership or affiliation." Special Report, Doc. No. 25, at 1, 3, 6. Although Plaintiff appears to acknowledge the accuracy of this statement, *see* Pl.'s Aff. at ¶¶ 3, 5, a denial of gang membership or affiliation would not in and of itself support summary judgment. Such a denial does not exclude the possibility that Plaintiff warned prison officials of the need for him to be kept separate from the Paisas and Surenos gangs.

[10] The undersigned confines consideration of summary judgment to those issues raised by Defendant in its Motion. Thus, the undersigned has not considered whether the negligent conduct alleged by Plaintiff falls within any exception to the FTCA. *See* 28 U.S.C. § 2680. If such an argument is made at a subsequent point, or undisputed facts are otherwise presented that would permit the Court's sua sponte decision of the question, the Court will promptly address it as applicability of the FTCA affects the Court's subject matter jurisdiction. *See Baird v. United States*, 653 F.2d 437, 440 (10th Cir. 1981) (holding United States' limited waiver of sovereign immunity under FTCA limits courts' subject matter jurisdiction to claims based on conduct within scope of waiver); Fed. R.

failure to participate in discovery, and given the serious allegations at issue, the undersigned recommends that – if the district judge adopts the recommendation of denial of Defendant's Motion insofar as this claim – the matter continue to be referred to the undersigned for additional pretrial litigation, including imposition of a scheduling order for ongoing discovery and a potential subsequent opportunity to submit dispositive motions.

**IV. Whether Summary Judgment Should be Granted in Favor of Defendant on Plaintiff's Claim of Professional Medical Negligence**

As stated, an FTCA claim is governed by the substantive law of the state where the alleged negligent act or omission occurred. *Miller*, 463 F.3d at 1123 (citing 28 U.S.C. § 1346(b)(1)). The parties do not dispute that the alleged acts and omissions that serve as the basis for Plaintiff's medical negligence claim occurred, if at all, in Oklahoma. Therefore, Oklahoma substantive law controls.

Under Oklahoma law, a prima facie case of medical negligence requires proof of three elements: (1) "a duty owed by the defendant to protect the plaintiff from injury"; (2) "a failure to perform that duty"; and (3) "injuries to the plaintiff which are proximately caused by the defendant's failure to exercise the duty of care." *Smith v. Hines*, 261 P.3d 1129, 1133 (Okla. 2011). Defendant does not dispute that it owed Plaintiff a duty to provide reasonable and ordinary medical care.[11] Defendant asserts, however, that it is

---

Civ. P. 12(h)(3) (requiring court to dismiss action when lacking subject matter jurisdiction).

[11] As with Plaintiff's negligent protection from assault claim, the duty owed by Defendant is supplied by 18 U.S.C. § 4042(a)(2), which is construed to require Defendant

entitled to summary judgment because Plaintiff is unable to produce evidence to support the second or third elements of a medical negligence claim under Oklahoma law, specifically that Defendant failed to perform its duty and that Plaintiff suffered injuries proximately caused by the alleged failure.

As support for these two essential elements, Plaintiff again relies on the testimony he would present at trial, represented by the Declaration and Affidavit he has submitted. Plaintiff alleges that the medical treatment provided to him by physicians and other medical specialists engaged by Defendant was not effective and that they should have ordered other tests and procedures that he believes would have been effective. *See* Pl.'s Decl. in Opp. to Def.'s Mot. for Summ. J. at ¶ 12; Pl.'s Aff. at ¶ 15. He generally implies the symptoms he experiences – pain in his neck and back, headaches, dizziness, vision problems, and ringing in his ear – would not be present if he had received proper medical care. Pl.'s Decl. in Opp. to Def.'s Mot. for Summ. J. at ¶¶ 11-12; Pl.'s Aff. at ¶¶ 15-23.

Plaintiff states that, on January 5, 2010, he reported to medical staff at FCI El Reno that he was experiencing pain, vision problems, and hearing problems that he attributes to the April 16, 2009 assault. Pl.'s Decl. in Opp. to Def.'s Mot. for Summ. J. at ¶ 10; Pl.'s Aff. at ¶ 23. He states that he was "never tested, retested or diagnosed during the visits to medical staff in FCI El Reno" and that "[n]othing has been done to determine

---

to provide reasonable and ordinary medical care to prisoners in Defendant's custody. The federal statute creates the general duty owed by the United States to a prisoner, but state substantive law fleshes out the elements of liability, such as what evidence is required to establish a breach of that duty. *See Muhammed v. United States*, 6 F. Supp. 2d 582, 594 (N.D. Tex. 1998); *see also Parrott v. United States*, 536 F.3d 629, 637 (7th Cir. 2008) (citing *Molzof v. United States*, 502 U.S. 301, 305 (1992)).

the cause of my headaches and how to resolve the problem." Pl.'s Decl. in Opp. to Def.'s Mot. for Summ. J., Doc. No. 163, at ¶ 12; Pl.'s Aff., Doc. No. 163-3, at ¶ 15. However, Plaintiff does not appear to dispute that, on February 21, 2010, he was evaluated by Oliver Cvitanic, M.D., and an MRI was performed. *See* Special Report Ex. 3, Doc. No. 25-3. He further does not appear to dispute that Dr. Cvitanic found no abnormality as a result of the evaluation and MRI. *See id.* Plaintiff affirmatively acknowledges that during the same approximate time period he was evaluated by an optometrist, who prescribed an eye patch, eyeglasses, and artificial tears. *See* Pl.'s Aff. at ¶ 15; *see also* Special Report at 4.[12]

Plaintiff states that he continues to experience "constant and terrible neck and back pain"; "frequent and terrible headaches that last for hours on and off all day"; "dizzy spells"; "blurred and double vision which worsens in the bright sun light"; and "constant ringing in [his] left ear." Pl.'s Aff. at ¶ 15. He states that "[n]othing has been done to correct, cure or treat these problems." *Id.* Plaintiff states that he was prescribed ibuprofen for his back pain, neck pain, and headaches, but at some point prison medical staff told him that he would have to purchase ibuprofen from the commissary because it would not be provided to him. *Id.* at ¶ 16. He states that he has not been provided therapy for his back pain, neck pain, and headaches, such as chiropractic care,

---

[12] Plaintiff previously acknowledged the evaluations by Dr. Cvitanic and the MRI result. *See* Special Report Ex. 6, Doc. No. 25-6 (memorandum from Plaintiff regarding FTCA claim).

acupuncture, or physical therapy. *Id.* at ¶ 17. He states that he has not been provided follow-up care to determine the cause of his headaches or been seen by a neurologist. *Id.*

Under Oklahoma law, because Plaintiff's contentions against Defendant are founded on allegations of medical malpractice, the fact of substandard care must be established by expert testimony or by demonstrating that the deficiency was so obvious it falls within the realm of common knowledge. *See Smith*, 261 P.3d at 1133; *Harder v. F.C. Clinton, Inc.*, 948 P.2d 298, 305 & n.30 (Okla. 1997) (requiring expert testimony to establish physician negligence except when "lack of care is so grossly apparent that laymen would have no difficulty recognizing it"). Likewise, the fact that the injuries – here, ongoing symptoms – complained of were <u>caused</u> by the alleged substandard care ordinarily requires at least some degree of expert medical testimony unless the causal connection would be apparent to a layman. *See Smith*, 261 P.3d at 1135.[13]

Plaintiff presents no expert medical testimony concerning either question. Further, the nature of Plaintiff's health condition as of January 5, 2010, and the distinction if any between what care was provided to Plaintiff from that point forward versus what care properly should have been provided, are not simple matters. The undersigned cannot conclude that a layperson would have no difficulty recognizing that the care provided to

---

[13] In *Smith*, the Oklahoma Supreme Court held that a plaintiff asserting a claim for medical negligence may prove causation – in that case, that a patient's injury and pain were caused by a surgeon negligently damaging the patient's femoral nerve during an operation – through (a) expert medical testimony that the injury <u>could</u> have been caused by the alleged negligent act, (b) an absence of "factual evidence tending to prove any other cause," and (c) expert or lay evidence that "reasonably tended to exclude every other possible cause." *Smith*, 261 P.3d at 1135.

16

Plaintiff fell short of the quality ordinarily exercised by medical professionals. For the same reason, the undersigned cannot conclude that a layperson would have no difficulty recognizing that the care provided to Plaintiff caused the pain and other injuries from which he suffers, as opposed to other possible causes, such as an untreatable effect of the assault or another unrelated medical condition. Accordingly, the undersigned recommends that Defendant's Motion for Summary Judgment be granted with respect to Plaintiff's claim for medical negligence.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

(1) Plaintiff's first "Motion for Relief" pursuant to Federal Rule of Civil Procedure 60(b) (Doc. No. 180) and second "Motion for Relief" pursuant to Rule 60(b) (Doc. No. 181) be DENIED to the extent they request further discovery prior to consideration of Defendant's Motion for Summary Judgment (Doc. No. 135);

(2) Defendant's Motion for Summary Judgment (Doc. No. 135) be DENIED as to Plaintiff's claim for negligent protection from assault and GRANTED as to Plaintiff's claim for medical negligence; and

(3) if the district judge adopts the recommendation that Defendant's Motion for Summary Judgment be denied with respect to Plaintiff's claim for negligent protection from assault, that this matter continue to be referred to the undersigned for additional pretrial litigation, including imposition of a

scheduling order for ongoing discovery and a potential subsequent opportunity to submit dispositive motions.

NOTICE OF RIGHT TO OBJECT

The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by March 7, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. They are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 18th day of February, 2014.

*[signature: Charles B. Goodwin]*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE