IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

HECTOR MARTINEZ,               )
                               )
           Plaintiff,          )
                               )
-vs-                           )      Case No. CIV-11-830-F
                               )
UNITED STATES OF AMERICA,      )
                               )
           Defendant.          )

# ORDER

Plaintiff, Hector Martinez, appearing *pro se*, alleges two negligence claims against defendant, United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. First, plaintiff claims that defendant negligently failed to protect him from an assault by gang members at a federal prison in Houston, Texas. Second, plaintiff claims that, when he was moved to a federal prison in Oklahoma, defendant negligently provided him substandard medical care for injuries allegedly sustained in the assault.[1]

On February 18, 2014, United States Magistrate Judge Charles B. Goodwin issued a Report and Recommendation (doc. no. 197), wherein he recommended that (1) the court not impose the remedy requested in Defendant's Motion for Summary Judgment (doc. no. 135) to deem discovery requests not responded to by plaintiff as admitted; (2) plaintiff's first "Motion for Relief" pursuant to Rule 60(b), Fed. R. Civ. P. (doc. no. 180), and second "Motion for Relief" pursuant to Rule 60(b) (doc. no.

---

[1] The court previously dismissed a claim alleged by plaintiff under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). *See*, doc. no. 38.

181) be denied to the extent they request further discovery prior to consideration of Defendant's Motion for Summary Judgment; (3) Defendant's Motion for Summary Judgment (doc. no. 135) be denied as to plaintiff's claim for negligent protection from assault; and (4) Defendant's Motion for Summary Judgment (doc. no. 135) be granted as to plaintiff's claim for medical negligence.

Both parties have filed objections to the Report and Recommendation. *See*, doc. nos. 201 and 208. With leave, defendant has also filed Defendant's Notice of Supplemental Authority in Support of its Objection to Report and Recommendation. *See*, doc. no. 206. In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter. Having done so, the court makes its determination as follows:

Discovery Requests

The court concurs with Magistrate Judge Goodwin's recommendation that the remedy of deeming discovery requests not responded to by plaintiff as admitted by plaintiff should not be imposed. Although defendant contends that it did seek a determination of the sufficiency of plaintiff's objection in Defendant's Response in Opposition to Plaintiff's Response Objecting to Defendant's First Set of Discovery Request [sic] (doc. no. 134), the court concludes that such determination must be made by way of a motion. Rule 36(a)(6), Fed. R. Civ. P., provides that "[t]he requesting party may *move* to determine the sufficiency of an answer or objection." (emphasis added). LCvR 7.1(c) provides that "[a] response to a motion may not also include a motion . . . made by the responding party." Defendant's response interpreted plaintiff's *pro se* response as a motion for protective order under Rule 26(c), Fed. R. Civ. P. Thus, defendant's response was filed as a response to plaintiff's motion, not as a motion under Rule 36(a)(6). Moreover, the court declines to construe

2

defendant's response as a motion under Rule 36(a)(6).[2] The court concludes that Magistrate Judge Goodwin properly declined to deem plaintiff's discovery requests not responded to by plaintiff as not admitted by plaintiff.

Motions for Relief [3]

The court finds no error with regard to Magistrate Judge Goodwin's recommended ruling that plaintiff's first "Motion for Relief" pursuant to Rule 60(b), Fed. R. Civ. P., and plaintiff's second "Motion for Relief" pursuant to Rule 60(b), Fed. R. Civ. P., be denied to the extent they request further discovery prior to consideration of Defendant's Motion for Summary Judgment.

Plaintiff objects to the recommended ruling insofar as it implies that plaintiff did not actually send a request to defendant under the Freedom of Information Act ("FOIA"). Plaintiff contends that he has provided information in this regard in previous affidavits and those affidavits should be liberally construed as true. He also objects to the recommended ruling insofar as it concludes that plaintiff has not been prevented from conducting discovery. Plaintiff states that if his FOIA request was not

---

[2] The court notes that after the filing of the Report and Recommendation, defendant filed Defendant's Motion to Determine Sufficiency of Plaintiff's Objection(s) to Defendant's Requests for Admission (doc. no. 198). Defendant has also filed Defendant's Motion to Compel Discovery Responses (doc. no. 204). Both motions have been referred to Magistrate Judge Goodwin.

[3] After plaintiff filed his first "Motion for Relief" pursuant to Rule 60(b) and his second "Motion for Relief" pursuant to Rule 60(b), plaintiff filed "'Plaintiff's Motion for Leave' to File Amended/Supplement in Relation-Back to Previously Filed Motion's Under F.R.Civ.P. 60(b)." *See*, doc. no. 187. Contemporaneous with that filing, plaintiff filed "'Plaintiff's Supplemental Brief' to 'Motion for Relief Under Rule 60(b)'" and "'Plaintiff's Supplemental Brief' to 'Motion for Relief' Under Rule 60(b).'" *See*, doc. nos. 188 and 189. Thereafter, defendant filed Defendant's Motion to Strike Supplemental Briefs [Docs. 188 & 189]. *See*, doc. no. 190. Defendant sought to strike the supplemental briefs as plaintiff had not been granted leave to file the supplemental briefs. Both parties' motions were referred to Magistrate Judge Goodwin. In conducting its *de novo* review and its making its determination as to the Rule 60(b) motions, the court has considered the supplemental briefs. The court therefore vacates the referral of the motions to Magistrate Judge Goodwin and finds that plaintiff's motion for leave to file the supplemental briefs should be granted and defendant's motion to strike the supplemental briefs should be denied.

honored or filed by defendant, then he has been prevented from obtaining discovery through the FOIA. In any event, he anticipates that his request will be denied on the basis that defendant will claim exemptions from discovery, as it did in the case of Moles v. Lappin, CIV-08-594-F.

The court concludes that the fact that Magistrate Judge Goodwin ruled on Defendant's Motion for Summary Judgment without discovery being obtained by plaintiff from any FOIA request is of no consequence. Upon review of the FOIA and Privacy Act request submitted in plaintiff's papers, *see*, doc. no. 160-2, it appears that plaintiff requested information and documents relating to the negligent protection from assault claim. In the Report and Recommendation, Magistrate Judge Goodwin recommended that summary judgment be denied as to the negligent protection from assault claim and that claim, as discussed below, survives summary judgment. Therefore, the fact that Magistrate Judge Goodwin proceeded with a determination of Defendant's Motion for Summary Judgment without plaintiff receiving any discovery pursuant to the FOIA request did not adversely affect plaintiff. The court therefore overrules plaintiff's objection to Magistrate Judge Goodwin's recommendation.[4]

In his first "Motion for Relief" (doc. no. 180) and his second "Supplemental Brief" (doc. no. 189), plaintiff seeks relief from the court's order (doc. no. 38) accepting, adopting and affirming the Report and Recommendation issued by then United States Magistrate Judge Robert E. Bacharach and dismissing plaintiff's claim pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim. Plaintiff contends that he was never served with a copy of the Report and

---

[4] Although plaintiff states in his objection that he anticipates that defendant will object to the FOIA request based on exemptions, the court declines to address any such issue. There is no indication in the record that this has occurred.

Recommendation. He also contends that he never served with a copy of defendant's motion to dismiss or the special report. Plaintiff asserts that he was denied his rights to object to the Report and Recommendation due to non-service of it, thereby foreclosing any appeal of it.

Although plaintiff's motion seeks relief under Rule 60(b), Fed. R. Civ. P., the court construes defendant's motion as a motion for reconsideration under Rule 54(b), Fed. R. Civ. P. Pursuant to Rule 54(b), a "court's disposition of a single claim in a suit involving multiple claims is subject to reconsideration until the entry of judgment on all of the claims, absent an explicit direction for the entry of judgment on the single claim." First American Kickapoo Operations, LLC v. Multimedia Games, Inc., 412 F.3d 1166, 1170 (10th Cir. 2005) (citing Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 12 (1983)). ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.") Plaintiff's motion, therefore, is an "interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." Fye v. Okla. Corp. Com'n, 516 F.3d 1217, 1224 n. 2 (10th Cir. 2008) (quoted omitted). Although the court has discretionary authority to review and revise its prior order, the court declines to exercise such authority. As stated in the court's prior order, under the court's Local Civil Rule 5.4(a), papers sent by the court will be deemed delivered if sent to the last known address given to the court. Because the Report and Recommendation was sent to the last known address of plaintiff, the Report and Recommendation is deemed delivered, despite the fact that plaintiff states that he did not receive it. Moreover, the fact that plaintiff did not receive a copy of the motion to dismiss or special report had no effect on the court's decision in regard to the Report and Recommendation. The magistrate judge did not deem the motion to dismiss confessed based upon plaintiff's failure to respond to the motion. Instead, he

independently reviewed the allegations of plaintiff's complaint to determine whether the plaintiff stated a claim upon which relief be granted. He found that plaintiff had failed to state a claim under Bivens, and thus, he recommended dismissal of the claim. The court, in its order, accepted, adopted and affirmed that ruling. Plaintiff has not presented any authority in his motion to establish that that ruling was in error. Indeed, it is a well-established principle that "[t]he United States and its agencies are not subject to suit under Bivens." Dahn v. United States, 127 F.3d 1249, 1254 (10th Cir. 1997). The court therefore finds no basis to review or revise its prior order dismissing plaintiff's Bivens claim. Because the court is not reviewing or revising its prior order, there is no need for further discovery by plaintiff in regard to the Bivens claim. Further, there is no reason to deny Defendant's Motion for Summary Judgment or strike it as moot and return plaintiff's case to its position prior to the court's ruling on the Bivens claim.

In his second "Motion for Relief" (doc. no. 181) and first "Supplemental Brief" (doc. no. 188), plaintiff seeks relief from Magistrate Judge Goodwin's order (doc. no. 162), in part, denying plaintiff's motion to stay summary judgment (doc. no. 160). To the extent that plaintiff's motion should be construed as a motion to reconsider a pretrial matter under 28 U.S.C. § 636(b)(1)(A), the court concludes that the motion should be denied. The court concludes that plaintiff has not shown that Magistrate Judge Goodwin's order was clearly erroneous or contrary to law. Further, the court has declined to review and revise its prior order dismissing the Bivens claim. Consequently, there is no need to allow plaintiff discovery relating to the Bivens claim or to deny Defendant's Motion for Summary Judgment or strike it as moot and return plaintiff's case to its position prior to the court's ruling on the Bivens claim.[5]

---

[5] In his motion, plaintiff also requests the court to reconsider the pretrial orders denying his requests for appointment of counsel in these proceedings. The court declines to reconsider those

Negligent Protection from Assault Claim

The court concurs with Magistrate Judge Goodwin's recommendation that plaintiff's declaration is sufficient to create a genuine factual dispute as to whether the April 16, 2009 assault was foreseeable by prison officials at the federal prison in Houston, Texas. The court also concurs with Magistrate Judge Goodwin's recommendation that the evidentiary material submitted by plaintiff is sufficient to create a genuine dispute regarding at least the basic existence of damages proximately caused by the failure to protect plaintiff from the April 16, 2009 assault.

The court rejects defendant's challenge relating to plaintiff's declaration. Plaintiff states that he told the security investigative specialist, during the intake process, that he had been assaulted in the past by members of the Paisas and Surenos gangs. He also gave the counselor (an "African-American woman"), who interviewed him, the same information. Both individuals told him he would be placed in a safe area. That same day, he was assaulted by members of the Paisas and Surenos gangs. Plaintiff also testified that after the assault, a captain advised him that plaintiff's records indicated that he could not be placed with Paisas or Surenos gang members. The court concludes that plaintiff's testimony (and the reasonable inferences therefrom) is sufficient to raise a genuine issue of material fact as to whether the assault was foreseeable by the prison officials. "As long as an affidavit is based upon personal knowledge and set[s] forth facts that would be admissible in evidence, such averment of a party is legally competent to oppose summary judgment, notwithstanding its inherently self-serving nature." Williams v. Shields, Case No. 03-

---

orders because plaintiff has not shown the orders to be clearly erroneous or contrary to law. Further, the court declines at this stage to exercise its discretion to appoint counsel for plaintiff. It is clear from plaintiff's papers that he is able to articulate and argue his claims and the court is not convinced that the issues in the case are overly complex to require appointment of counsel at this time.

7003, 77 Fed. Appx. 501, 503, 2003 WL 22351957 *2 (10th Cir. Oct. 16, 2003) (internal quotation omitted and unpublished opinion cited as persuasive pursuant to 10th Cir. R. 32.1(A)), *see*, Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 53 (1st Cir. 2000) ("[A] party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment.'")(quoting Cadle Co. v. Hayes, 116 F.3d 957, 961 n. 5 (1st Cir. 1997)). The court concludes that plaintiff's declaration, although self-serving, is based upon personal knowledge and sets forth facts that would be admissible in evidence. The fact that plaintiff does not identify the prisons officials by name is not sufficient reason to discount the testimony. Plaintiff has given enough information about the individuals by way of their titles and the approximate time period of when he spoke to them for the court to conclude that his testimony is sufficient to overcome summary judgment. The court finds defendant's objection to Magistrate Judge Goodwin's recommendation in regard to the negligent protection from assault claim to be without merit. The court therefore overrules the objection.

Medical Negligence Claim

The court concurs with Magistrate Judge Goodwin's recommendation that defendant is entitled to summary judgment on plaintiff's medical negligence claim because plaintiff has no expert testimony to support the second and third elements of his claim.[6] As recognized by Magistrate Judge Goodwin, because plaintiff's contentions are founded on allegations of medical malpractice, the fact of substandard care must be established by expert testimony or by demonstrating that the deficiency was so obvious it falls within the realm of common knowledge. *See*, Smith v. Hines,

---

[6] A claim of medical negligence has three elements: (1) a duty owed by the defendant to protect the plaintiff from injury; (2) a failure to perform that duty; and (3) injuries to the plaintiff which are proximately caused by the defendant's failure to exercise the duty of care. Smith v. Hines, 261 P.3d 1129, 1133 (Okla. 2011).

8

261 P.3d 1129, 1133 (Okla. 2011); *see also*, Harder v. F.C. Clinton, Inc., 948 P.2d 298, 305 & n. 30 (Okla. 1997) ("In *medical malpractice* cases, a physician's negligence *must ordinarily be established* by expert medical testimony. When a physician's lack of care is so grossly apparent that laymen would have no difficulty in recognizing it, expert medical testimony is not required to establish deficient care.") (emphasis in original). Likewise, the fact that the injuries complained of were caused by the alleged substandard care ordinarily requires at least some degree of medical expert testimony unless the causal connection would be apparent to a layman. *See*, Smith, 261 P.3d at 1135.

Despite plaintiff's arguments to the contrary, the court, agreeing with Magistrate Judge Goodwin, cannot conclude that a layperson would have no difficulty recognizing that the care provided to plaintiff fell short of the quality ordinarily exercise by medical professionals. Similarly, the court cannot conclude that a layperson would have no difficulty recognizing that the care provided to plaintiff caused the pain and other injuries from which he allegedly suffers, as opposed to other possible causes, such as an untreatable effect of the assault or another unrelated medical condition. The court therefore concurs with Magistrate Judge Goodwin that expert testimony is required to establish the second and third elements of plaintiff's medical negligence claim.

In his objection, plaintiff contends that the issue of expert testimony was previously addressed in the Report and Recommendation issued by then United States Magistrate Judge Robert E. Bacharach denying defendant's motion to dismiss the medical negligence claim. *See*, doc. no. 125. According to plaintiff, Judge Bacharach concluded that plaintiff was exempt from the requirement of providing expert testimony due to his indigent status. Plaintiff points out that the Report and

9

Recommendation was accepted, adopted and affirmed by this undersigned. *See*, doc. no. 128.

Defendant's arguments in support of dismissal of plaintiff's medical negligence claim were based upon 12 O.S. § 19,[7] which required a plaintiff alleging professional negligence to attach to the petition an affidavit reflecting validation of the claim by an expert. Judge Bacharach found that plaintiff was protected from the affidavit requirement because the statute contained a specific exemption for plaintiffs who are indigent. 12 O.S. § 19(D). Although plaintiff may have been statutorily exempt from the affidavit requirement of § 19 due to his indigent status, plaintiff has cited no authority which would exempt him from the requirement under Oklahoma law of presenting expert testimony to establish the second and third elements of his medical negligence claim in order to defeat summary judgment. Because plaintiff has no expert testimony to support the second and third elements of his medical negligence claim, the court finds that defendant is entitled to summary judgment on the claim. The court thus overrules plaintiff's objection to the Report and Recommendation.

Continued Referral

In the Report and Recommendation, Magistrate Judge Goodwin further recommends that if the court adopts the recommendation of denial of Defendant's Motion for Summary Judgment in regard to the negligent protection from assault claim, the matter should continued to be referred to Magistrate Judge Goodwin for addition pretrial litigation, including the imposition of a scheduling order for ongoing discovery and a potential subsequent opportunity to submit dispositive motions. This recommendation is based upon plaintiff's failure to participate in discovery and the seriousness of the allegations at issue.

---

[7] Section 19 has since been repealed. The statute was replaced by 12 O.S. § 19.1.

10

The court, as previously stated, has adopted the recommendation of denying Defendant's Motion for Summary Judgment in regard to the negligent protection from assault claim. The court concurs with Magistrate Judge Goodwin's recommendation that the matter should continued to be referred to him for further pretrial litigation, including the imposition of a scheduling order for ongoing discovery and a potential subsequent opportunity to submit dispositive motions. This matter shall therefore continued to be referred to Magistrate Judge Goodwin. The court notes that Defendant's Motion for Protective Order (doc. no. 169) and Plaintiff's "Motion to Request" (doc. no. 179), which were filed prior to the issuance of the Report and Recommendation, are still pending before Magistrate Judge Goodwin.

Rulings

Based upon the foregoing,

1. The Report and Recommendation issued by United States Magistrate Judge Charles B. Goodwin, filed February 18, 2014 (doc. no. 197), is **ACCEPTED**, **ADOPTED**, and **AFFIRMED**;

2. Defendant's Motion for Summary Judgment (doc. no. 135) is **DENIED** as to plaintiff's negligent protection from assault claim and **GRANTED** as to plaintiff's medical negligence claim;

3. The referral of "'Plaintiff's Motion for Leave' to File Amended/Supplement in Relation-Back to Previously Filed Motion's Under F.R.Civ.P. 60(b)" (doc. no. 187) to Magistrate Judge Goodwin is **VACATED**;

4. "'Plaintiff's Motion for Leave' to File Amended/Supplement in Relation-Back to Previously Filed Motion's Under F.R.Civ.P. 60(b)" (doc. no. 187) is **GRANTED**;

5. The referral of Defendant's Motion to Strike Supplemental Briefs [Docs. 188 & 189] (doc. no. 190) to Magistrate Judge Goodwin is **VACATED**;

6. Defendant's Motion to Strike Supplemental Briefs [Docs. 188 & 189] (doc. no. 190) is **DENIED**;

7. Plaintiff's first "Motion for Relief" pursuant to Rule 60(b), Fed. R. Civ. P. (doc. no. 180) and second "Motion for Relief" pursuant to Rule 60(b), Fed. R. Civ. P. (doc. no. 181) are **DENIED**; and

8. The above-entitled matter shall continue to be referred to Magistrate Judge Goodwin for further pretrial litigation, including the imposition of a scheduling order for ongoing discovery and a potential subsequent opportunity to submit dispositive motions.

DATED March 28, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

11-0830p005.wpd